**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

U-HAUL CO. OF PENNSYLVANIA,

                Plaintiff,

    vs.

UTICA MUTUAL INSURANCE COMPANY, a
New York corporation; and REPUBLIC
FRANKLIN INSURANCE COMPANY, a New
York corporation,

                Defendants.

Civil Case No. _____

## COMPLAINT

Plaintiff, U-Haul Co. of Pennsylvania, for its Complaint against Defendants, alleges as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff, U-Haul Co. of Pennsylvania (hereinafter "U-Haul") is a Pennsylvania corporation, with its principal place of business in Pennsylvania. U-Haul is licensed to do business in Delaware.

2.      Defendant Utica Mutual Insurance Company (hereinafter "Utica") is a member of the Utica National Insurance Group. Utica is organized under the laws of New York, and has its principal place of business in New Hartford, New York.

3.      At all times material hereto, Utica was licensed to do business in Delaware and was doing business in Delaware.

4.      Defendant Republic Franklin Insurance Company (hereinafter "Republic Franklin") is also a member of Utica National Insurance Group. Republic Franklin is an Ohio corporation, with its principal place of business in New Hartford, New York.

2794040.2

5.      At all times material hereto, Republic Franklin was licensed to do business in Delaware and was doing business in Delaware.

6.      Mak's Corporation, d/b/a Kirkwood Shell, is a Delaware corporation with its President and Registered Agent Karan Gupta, and its principal place of business is 3625 Kirkwood Highway, Wilmington, Delaware 19808.

7.      The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) (diversity).

8.      Venue lies in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(a)(2). All acts and events alleged hereafter occurred in New Castle County, Delaware.

9.      The minimum jurisdictional limit pursuant to 28 U.S.C. § 1332(a) has been met.

10.     Kirkwood Shell at all times material hereto was authorized under a Dealer Agreement entered into with U-Haul to rent U-Haul trucks and trailers to the public.

11.     On or about February 1, 2008, Defendants issued a policy of commercial general liability insurance to Mak's Corporation, d/b/a Kirkwood Shell, bearing policy number 3909623. Said policy of insurance was in full force and effect on July 24, 2008.

12.     On or about July 24, 2008, Kirkwood Shell rented a U-Haul trailer  to Andrew Downing.

13.     Shortly after Andrew Downing left the Kirkwood Shell the U-Haul trailer became dislodged from the Downing vehicle as it was traveling on eastbound Kirkwood Highway, struck the center median and continued to travel into the westbound lane where it collided with a vehicle being driven by Daniel Billings (hereinafter "Billings").

14.     As a result of the subject collision, Billings suffered serious injuries.

2

15.     On or about September 9, 2008, Defendants Utica and/or Republic Franklin were placed on notice of a personal injury claim brought by Billings against Kirkwood and U-Haul arising from the subject accident that occurred on July 24, 2008.

16.     Billings later filed suit against Kirkwood, U-Haul and others, entitled *Daniel G. Billings v. Andrew J. Downing, et al.*, C.A. No. N10C-05-151 WCC and C.A. No. N10C-07-244 WCC.

17.     At all times material hereto, Kirkwood complied with all of the conditions precedent to Defendants' obligation to indemnify Kirkwood under the policy(ies) of insurance.

18.     On or about May 9, 2011, Defendants Utica and/or Republic Franklin refused to indemnify Kirkwood for the subject accident and contribute to the reasonable settlement of Billings' personal injury claim.

19.     On or about May 13, 2011, Plaintiff reached a settlement of the personal injury claim brought by Billings. $650,000 of that amount was attributed to Kirkwood.

20.     On or about May 16, 2011, Kirkwood entered into a Settlement Agreement and Assignment of Claims with Plaintiff relating to the failure of Defendants Utica and/or Republic Franklin to indemnify Kirkwood for the claim brought by Billings arising from the July 24, 2008, accident.

21.     By virtue of the Assignment of Claims entered into between Plaintiff and Kirkwood, Plaintiff is now the assignee of any and all claims Kirkwood may have against Defendants.

### COUNT ONE: BAD FAITH

22.     Plaintiff re-alleges and incorporates herein paragraphs 1-21 above as if fully set forth herein.

2794040.2

23.     Defendants Utica and Republic Franklin have committed bad faith and have breached their implied duty of good faith and fair dealing arising out of their obligations owed to Kirkwood under the policy(ies) of insurance issued to it, by conduct, without any reasonable justification, including but not limited to:

    a.      failing to investigate the claims brought by Billings against Kirkwood properly and timely;

    b.      failing to investigate the duties owed to Kirkwood under the terms of the insurance policy(ies) issued;

    c.      failing to adequately communicate with and/or advise Kirkwood regarding the policy(ies) issued;

    d.      failing to indemnify Kirkwood for the claims presented by Billings;

    e.      failing to give equal consideration to the interests of Kirkwood as to the Defendants' own financial interests; and

    f.      failing to in good faith make a reasonable settlement of Billings' claim.

24.     As a direct and proximate result thereof, Kirkwood was caused to suffer damages.

25.     By virtue of the Assignment entered into between Kirkwood and Plaintiff, Plaintiff is now the assignee of any and all claims Kirkwood may have against Defendants.

## COUNT TWO: BREACH OF CONTRACT

26.     Plaintiff re-alleges and incorporates by reference and incorporates herein Paragraphs 1-25 above as if fully set forth herein.

27.     Defendants issued a policy of insurance to Kirkwood on or about February 1, 2008, bearing policy number 3909623, which was in full force and effect on July 24, 2008.

2794040.2

28.     Under the policy of insurance issued to Kirkwood, Defendants owed certain obligations to Kirkwood, including the obligation to indemnify Kirkwood for the personal injury claim brought by Billings arising from the July 24, 2008, motor vehicle accident.

29.     Defendants breached their obligations and duties owed to Kirkwood under the policy of insurance issued to it by, among other things, failing to indemnify Kirkwood for the personal injury claim brought by Billings arising from the July 24, 2008, motor vehicle accident.

30.     As a direct and proximate result of Defendants' breach Kirkwood was caused to suffer damages.

31.     By virtue of the Assignment of Claims entered into between Plaintiff and Kirkwood, Plaintiff is now the assignee of any and all claims Kirkwood may have against Defendants.

## COUNT THREE: PUNITIVE DAMAGES

32.     Plaintiff re-alleges and incorporates herein paragraphs 1-31 above as if fully set forth herein.

33.     The conduct of Defendants, Utica and Republic Franklin, jointly, and in concert, was committed intentionally, which constituted willful, malicious and egregious conduct in conscious disregard  to the duties owed to Kirkwood, and was committed with the knowledge that such conduct was undertaken for the exclusive interests of Defendants, individually and jointly, having reason to know and consciously disregarding the eminent likelihood of harm that this conduct might result, such that there should be an assessment of punitive damages in an appropriate amount to punish and deter Defendants and others like Defendants from similar conduct in the future.

2794040.2

34.     The conduct of Defendants, Utica and Republic Franklin, jointly, and in concert, was committed recklessly, with a conscious indifference to the rights and duties owed to Kirkwood, and was committed with the knowledge that such conduct was undertaken for the exclusive interests of Defendants, individually and jointly, with the conscious indifference to the eminent likelihood of harm that this conduct might result, such that there should be an assessment of punitive damages in an appropriate amount  to punish and deter Defendants and others like Defendants from similar conduct in the future.

### PRAYER FOR RELIEF

Plaintiff prays for Judgment against Defendants, and for an award of damages as follows:

1.     For compensatory damages for the Defendants' wrongful conduct, jointly and severally, as may be established by the facts and law;

2.     Punitive and exemplary damages in an amount appropriate to punish and deter the conduct of Defendants in the future;

3.     For attorneys fees as the claims alleged herein arise out of  contract;

4.     Taxable costs incurred herein and expert witness fees as may be awardable at law; and

5.     Any and all other such relief as may be available at law and which this Court deems equitable.

2794040.2

Dated: June 9, 2011
         Wilmington, Delaware

**POLSINELLI SHUGHART PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware  19801
Telephone:   (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com

-and-

OF COUNSEL:

Troy B. Froderman, Esq. (*Pro Hac Pending*)
Christina Kelly Geremia, Esq. (*Pro Hac Pending*)
POLSINELLI SHUGHART PC
CityScape
One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Phone: (602) 650-2000
Fax: (602) 264-7033
tfroderman@polsinelli.com
cgeremia@polsinelli.com

*Attorneys for Plaintiff*

7

2794040.2