IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| U-HAUL CO. OF PENNSYLVANIA,<br><br>    Plaintiff,<br><br>v.<br><br>UTICA MUTUAL INSURANCE<br>COMPANY and REPUBLIC<br>FRANKLIN INSURANCE COMPANY,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 11-510-RGA<br>:<br>:<br>:<br>:<br>:<br>: |

Troy B. Froderman, Esq., Christina Kelly, Esq. (argued), POLSINELLI SHUGHART PC, Phoenix, AZ; Christopher M. Coggins, Esq., POLSINELLI SHUGHART PC, Wilmington, DE.

    Attorneys for Plaintiff U-Haul Co. of Pennsylvania.

Kenneth M. Portner, Esq. (argued), WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP, Philadelphia, PA; Mary E. Sherlock, Esq., WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP, Dover, DE.

    Attorneys for Defendants Utica Mutual Insurance Company and Republic Franklin Insurance Company.

March 28, 2013

*/s/ Richard G. Andrews*
**ANDREWS, U.S. DISTRICT JUDGE:**

Plaintiff U-Haul Co. of Pennsylvania, as assignee of Mak's Corporation d/b/a Kirkwood Shell ("Kirkwood"), filed this action for breach of an insurance contract and bad faith claims handling against Defendants Utica Mutual Insurance Company and Republic Franklin Insurance Company (collectively, "Utica") arising out of a personal injury action brought against Kirkwood, Utica's insured, by Daniel Billings in Delaware Superior Court. The parties filed cross motions for summary judgment. (D.I. 99, 100). The motions are fully briefed (D.I. 103, 106, 112, 113, 115) and oral argument was held on February 26, 2013. For the following reasons, the Court will grant Utica's motion for summary judgment and deny U-Haul's motion for summary judgment.

## I. BACKGROUND

Kirkwood was a U-Haul dealer pursuant to a dealer agreement with U-Haul, under which Kirkwood rented equipment owned by U-Haul to Kirkwood's customers. (D.I. 99 at Ex. A). The contract contained an indemnity provision wherein U-Haul agreed to defend and indemnify Kirkwood for any claims arising out of its capacity as a dealer of U-Haul equipment. (*Id.* at Ex. A, ¶ 3(c)).

On July 24, 2008, Daniel Billings was injured when a U-Haul trailer, which was rented by Andrew Downing from Kirkwood, detached from Downing's truck and struck Billings' vehicle. (*Id.* at Ex. B). On or about September 4, 2008, U-Haul offered to defend and indemnify Kirkwood against Billings' claims in a letter from U-Haul's counsel, Francis LoCoco. (*Id.* at Ex. C). Kirkwood accepted U-Haul's offer to defend and indemnify it on September 18, 2008. (*Id.*) The defense agreement contained a reservation of rights provision whereby U-Haul could

1

withdraw its indemnity and defense obligations if evidence revealed that Kirkwood bore independent liability. (*Id.* at Ex. C, ¶ 1).

The record shows that Utica was placed on notice of the Billings claim on or around September 10, 2008. (*Id.* at Ex. D at 24-25). The record also shows that Utica was informed at that time that Kirkwood had entered into the defense agreement with U-Haul. (*Id.*). On November 5, 2008, Utica issued a reservation of rights letter, reserving its rights to disclaim coverage on the basis of late notice. (*Id.* at Ex. E).

Utica insured Kirkwood under a Commercial General Liability insurance policy for the period February 8, 2008 through February 8, 2009, issued by Republic Franklin Insurance Company. (D.I. 100 at Ex. E). Several of the policy's provisions are relevant to this dispute. First, the policy gave Utica the right and duty to defend any claims against Kirkwood seeking damages covered by the policy. (*Id.* at Ex. E, § I, Coverage A, ¶ 1.a). The policy also prohibited Kirkwood from voluntarily making any payments, assuming any obligations, or incurring any expense without Utica's consent. (*Id.* at Ex. E, § IV, ¶ 2.d). Finally, the policy required Kirkwood to cooperate with Utica in the investigation or settlement of claims or defense against suits. (*Id.* at Ex. E, § IV, ¶ 2.c).

The Billings lawsuit was filed on May 19, 2010 and alleged that Kirkwood, U-Haul, and Downing were liable for negligence. (*Id.* at Ex. J, ¶ 31; *id.* at Ex. K, ¶ 31). Mr. LoCoco entered his appearance for both U-Haul and Kirkwood and filed a joint answer on behalf of Kirkwood and U-Haul to each of Billings' complaints. On November 18, 2010, Downing filed an answer and cross-claim against Kirkwood and U-Haul alleging that Kirkwood and U-Haul "(a) failed to properly maintain the trailer; (b) failed to have the appropriate safety devices on the trailer; (c)

2

failed to properly attach the trailer to [Downing's] vehicle." Utica received a copy of the complaint on June 16, 2010 and retained Francis Nardo, Esquire to monitor the suit. (*Id.* at Ex. P at 14).

U-Haul, Downing and Billings agreed to mediate Billings' claims on April 11, 2011. Mr. LoCoco's office notified Utica of the mediation on March 9, 2011 by e-mail stating that "as a courtesy we wanted to advise you of the mediation so that you could attend if you would like to do so." (*Id.* at Ex. U). The e-mail also stated that Mr. LoCoco is "representing [Kirkwood] pursuant to a tender of defense agreement." (*Id.*). Utica did not attend the mediation on April 11, 2011.

On April 27, 2011, Troy Froderman, Esquire, another attorney representing U-Haul, wrote a letter to Utica advising that, at the mediation, Billings had made a global demand of $1.425 million to settle his claims. Mr. Froderman further indicated that U-Haul thought the settlement was reasonable and requested that Utica contribute $350,000 to the settlement on behalf of Kirkwood, with U-Haul paying $350,000 and Downing paying the balance of $725,000. (D.I. 100 at Ex. X). The letter requested that Utica "immediately assume the further defense and indemnity of this matter on Kirkwood's behalf." (*Id.*). The letter stated that U-Haul changed its position because Downing "alleged for the first time" during the mediation that Kirkwood was liable for the underlying accident because it had failed to hook up the trailer on Downing's vehicle, which presented "credible evidence of the independent liability of Kirkwood." (*Id.*).

Utica responded to Mr. Froderman's letter two days later. (*Id.* at Ex. Z). The letter noted that U-Haul was aware of Mr. Downing's allegation concerning Kirkwood's potential liability months before the mediation and stated Utica's position that Mr. LoCoco "should have

3

withdrawn from the defense of [Kirkwood] at that point." (*Id.*). The letter also stated that Utica would "take over the full defense of [Kirkwood]" and was "willing to participate in future settlement negotiations" after it received documentation allowing it to evaluate Kirkwood's exposure. (*Id.*).

Mr. Froderman responded to Utica's letter later the same day. (*Id.* at Ex. AA). In an apparent about-face, Mr. Froderman stated that "U-Haul <u>has not</u> withdrawn its defense or indemnity from Kirkwood, nor are we formally tendering defense to Utica at this time." (*Id.*) (emphasis in original). The letter further stated: "Instead, U-Haul is requesting that Utica, as part of its independent good faith indemnity obligations owed to its insured, Kirkwood, participate in the ongoing settlement discussions and contribute toward a global resolution of Mr. Billings' claim." (*Id.*).

Following a May 6, 2011 telephone conversation between Utica, Mr. Nardo, and Mr. Froderman, Mr. Froderman wrote another letter to Utica and Mr. Nardo and reiterated that U-Haul "<u>has not</u> withdrawn its defense or indemnity of Kirkwood." (*Id.* at Ex. BB) (emphasis in original). The letter again requested that Utica contribute $350,000 toward settlement and asked for an answer by May 23, 2011. (*Id.*).

Utica responded on May 10, 2011. (*Id.* at Ex. W). Utica stated that it "does not have sufficient facts to evaluate the case at this time and the deadline of May 23 does not allow sufficient time for discovery so that we may properly evaluate [Kirkwood's] exposure." (*Id.*). Utica further stated that it "[would] not be able to make any offers or contribute to a potential settlement by the deadline." (*Id.*).

On or about May 13, 2011, Billings settled with U-Haul, Kirkwood and Downing for $1.4

4

million; $700,000 was allocated to Downing, $650,000 to Kirkwood, and $50,000 to U-Haul. (*Id.* at Ex. BB). U-Haul paid the $650,000 of the settlement allocated to Kirkwood on behalf of Kirkwood. On May 12, 2011, Kirkwood assigned its rights against Utica to U-Haul. (*Id.* at Ex. DD).

**II.    DISCUSSION**

The parties dispute whether the insurance policy provides coverage for the Billings claim and, if so, whether Utica waived its right to disclaim coverage or whether Kirkwood violated the terms of the policy and, therefore, relieved Utica of its obligation to indemnify Kirkwood. The Court concludes that, even assuming the policy applies to the claim, Kirkwood violated the policy by settling the Billings claim without Utica's consent and, therefore, Utica has no obligation to indemnify Kirkwood. The Court, therefore, does not need to address the parties' contentions concerning coverage or waiver. The Court also concludes that Utica cannot be found liable for bad faith failure to defend and, therefore, that U-Haul is not entitled to punitive damages.

Kirkwood violated the terms of the policy by settling the Billings claim without Utica's consent. The policy prohibited Kirkwood from "voluntarily mak[ing] a payment, assum[ing] any obligation, or incur[ring] any expense . . . without [Utica's] consent." (D.I. 100 at Ex. E, § IV, ¶ 2.d). Kirkwood did exactly that when it agreed to settle the Billings claims on May 13, 2011 (*id.* at Ex. U), despite the fact that Kirkwood was on notice as late as May 10, 2011 that Utica did not consent to any settlement at that time. (*Id.* at Ex. W).

Utica cites to a number of cases from various jurisdictions for the proposition that, where an insured violates an insurance policy's "no-voluntary payments" provision by settling without

5

the insurer's consent, the insurer is relieved of any obligation to indemnify. (D.I. 112 at 16-17; D.I. 115 at 5). Among the cases cited by Utica is a Third Circuit case analyzing Pennsylvania law. *See Fisher v. USAA Cas. Ins. Co.*, 973 F.2d 1103, 1106-07 (3d Cir. 1992). U-Haul does not dispute that Kirkwood entered into settlement of the underlying action without Utica's consent. Instead, Kirkwood makes an inapposite argument concerning anti-assignment provisions. Consent to settle provisions are not the same as anti-assignability provisions. An anti-assignability provision attempts to restrict the insured from assigning its rights under an insurance contract. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stauffer Chem. Co.*, 1991 WL 138431 (Del. Super. Ct. July 15, 1991). In contrast, a voluntary payment or consent to settle provision determines the insured's rights under the policy.

Although the parties do not specifically address the issue in their briefs, the parties both assume that Delaware law applies.[1] (*See, e.g.*, D.I. 99 at 1; D.I. 112 at 11). Utica cites to a single case from the Third Circuit addressing Pennsylvania law on the issue of an insurer's liability where there has been a breach of the consent to settle provision but does not address Delaware law. Delaware law is slightly different and more nuanced than Pennsylvania law on this issue. *See, e.g., Allstate Ins. Co. v. Fie*, 2006 WL 1520088, at **3-4 (Del. Super. Ct. Mar. 9, 2006) (discussing *Hall v. Allstate Ins. Co.*, 1985 WL 1137299 (Del. Super. Ct. Jan. 11, 1985)). Under Delaware law, an insurer is "not freed from liability on its policy in the absence of a showing that the breach caused the insurer to suffer prejudice." *Id.* at *3 (discussing *Hall*). When a breach of

---

[1] To the extent any conflict of law exists, the parties are correct that Delaware law likely would govern. *See Viking Pump, Inc. v. Century Indem. Co.*, 2 A.3d 76, 87 & n.23 (Del. Ch. 2009). The insurance policy covered property located in Delaware and owned by a Delaware corporation. The loss at issue also occurred in Delaware.

such a provision is shown, a rebuttable presumption of prejudice to the insurer arises. The burden, thus, shifts back to the party seeking to impose liability to demonstrate lack of prejudice by competent evidence. *Id.*

As discussed, Utica has shown that Kirkwood breached the consent to settle provision by settling the Billings claim without Utica's consent. Thus, the presumption is that Utica was prejudiced by the settlement. *See id.* at *4. U-Haul has presented absolutely no evidence to demonstrate that Utica was not prejudiced by the settlement. In fact, the evidence in the record before the Court tends to show the opposite. On May 9, U-Haul requested that Utica contribute $350,000 towards the settlement. (D.I. 100 at Ex. BB). On May 13, the parties settled the underlying Billings claim and allocated $650,000 to Utica's insured. (*Id.* at Ex. CC at 1). There is nothing in the record to explain this discrepancy, but a $300,000 increase in the amount allocated to Utica's insured would suggest prejudice to Utica.

Accordingly, the Court concludes that Kirkwood breached the consent to settle provision and Utica was prejudiced by Kirkwood's settlement of the Billings claim without its consent. In light of the foregoing, the Court also will grant summary judgment in favor of Utica on U-Haul's bad faith and punitive damages claims.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment and denies Plaintiff U-Haul's motion for summary judgment. An order consistent with this Memorandum Opinion will be entered.